[Cite as *Ohio State Patrol v. Tisdale*, 2012-Ohio-3694.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98029

## OHIO STATE PATROL [sic]

PLAINTIFF-APPELLEE

vs.

## VENIS TISDALE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Bedford Municipal Court
Case No. 11 TRD-06875

**BEFORE:** Blackmon, A.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 16, 2012

**ATTORNEY FOR APPELLANT**

Michael E. Stinn
Britton, Smith, Peters & Kalail Co., LPA
3 Summit Park Drive, Suite 400
Cleveland, Ohio 44131

**ATTORNEY FOR APPELLEE**

Kenneth A.   Schuman
5306 Transportation Blvd.
Garfield Heights, Ohio 44125

PATRICIA ANN BLACKMON, A.J.:

{¶1}  In this accelerated appeal, appellant Venis Tisdale appeals his speeding conviction following a bench trial in the Bedford Municipal Court, and assigns the following error for our review:

> I. The trial court's verdict of guilty is not supported by sufficient evidence and must be vacated.

{¶2}  Having reviewed the record and pertinent law, we affirm Tisdale's conviction.   The apposite facts follow.

{¶3}  On November 24, 2011, Tisdale was issued a citation for traveling southbound on Interstate 271, near the Forbes Road exit, at a speed of 75 m.p.h. in a 60 m.p.h. zone.   On December 7, 2011, Tisdale pleaded not guilty at his arraignment and subsequently waived his right to a speedy trial, as well as to a jury trial.   On January 30, 2012, a bench trial was conducted.

## Bench Trial

{¶4}  Trooper Larry Roberts, a 13-year veteran of the Ohio State Highway Patrol, testified that around midday on November 24, 2011, he was conducting a laser detail on Interstate 271 that has a speed limit of 60 m.p.h., when he observed a 1997 Oldsmobile traveling at a high rate of speed along Interstate 271 South.   Trooper Roberts testified that he pointed his LTI 20/20 Ultralyte Laser radar gun at the vehicle and received a

reading indicating that Tisdale was traveling at 76 m.p.h. at approximately 1,300 feet away, and decreased to 75 m.p.h. as Tisdale's car came closer. Thereafter, Trooper Roberts initiated a traffic stop and issued Tisdale a citation.

{¶5} Trooper Roberts testified that he was certified in operating the LTI 20/20 Ultralyte laser unit, is recertified each year, and that prior to embarking on the laser detail on November 24, 2011, he properly calibrated the laser unit to determine it was working properly.

{¶6} Tisdale testified in his own behalf and stated that he was traveling in the far left or high speed lane, in the flow of traffic of about seven vehicles, and between 50 and 55 m.p.h., according to his vehicle's speedometer. Tisdale testified that it was not possible for his car to travel at the speed Trooper Roberts alleged, because his car vibrated at speeds in excess of 55 m.p.h. Tisdale testified that he later discovered that the vibration was caused by a cracked rim.

{¶7} The trial court found Tisdale guilty and fined him $150, plus court costs. Tisdale now appeals.

**Sufficiency of the Evidence**

{¶8} In the sole assigned error, Tisdale argues there was insufficient evidence to sustain his conviction.

{¶9} Crim.R. 29 mandates that the trial court issue a judgment of acquittal where the state's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and sufficiency of evidence review require the same analysis. *State v. Mitchell*, 8th Dist.

No. 95095, 2011-Ohio-1241, citing *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

**{¶10}** In analyzing the sufficiency issue, the reviewing court must view the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; *State v. Carter*, 72 Ohio St.3d 545, 651 N.E.2d 965 (1995).

**{¶11}** Initially, we note that Tisdale never made a motion for acquittal at trial. Generally, a defendant's failure to raise an alleged error with the lower court acts to waive the error on appeal. However, the Ohio Supreme Court has held that a defendant's not guilty plea preserves an argument relating to the sufficiency of the evidence for appeal. *State v. Jones*, 91 Ohio St.3d 335, 2001-Ohio-57, 744 N.E.2d 1163 (2001).

**{¶12}** Tisdale now argues that there was no evidence presented as to the manner in which Trooper Roberts checked the calibration of the laser radar unit, nor any testimony about how the device is supposed to work. However, we note that Tisdale never sought to suppress the laser device due to its unreliability and never objected to the laser unit on these grounds in the trial court. Because Tisdale did not raise this issue in the trial court, it is, therefore, waived on appeal. *Cleveland Hts. v. Katz*, 8th Dist. No.79568, 2002-Ohio-4241.

{¶13}     In the instant case, Trooper Roberts, a 13-year veteran of the Ohio Highway Patrol, stated that he was certified to use the laser unit, it was calibrated before and after he used it to clock Tisdale, and that the unit was working properly.   Although Tisdale contends he was only traveling between 50-55 m.p.h., he admitted that he was traveling in the far left lane or the high speed lane.

{¶14} Thus, in viewing this evidence in the light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the instant charge proven beyond a reasonable doubt.   Accordingly, we overrule the sole assigned error.

{¶15}   Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and

KENNETH A. ROCCO, J., CONCUR